UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MOATAZ MOHAMED, Individually and ) | | |
| as Personal Representative of the Estates of ) | | |
| ALY RASHAD ALY MOHAMED and ) | | |
| BARIA ZAKI MOHAMED, deceased, ) | | |
| Plaintiff, ) | | |
| vs. ) | No. | CV 12 3139 |
| ) | | |
| NOLAN LAW GROUP, and ) | | |
| DONALD J. NOLAN, Individually, ) | | |
| Defendants. ) | | |

# PLAINTIFF'S MEMORANDUM OF LAW
# IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... 3

NATURE OF THE CASE ................................................................................................. 6

ARGUMENT ................................................................................................................... 7

I.    THE CHOICE OF LAW PROVISION IN THE RETAINER AGREEMENT DICTATES THAT ILLINOIS LAW SHALL APPLY TO ALL MATTERS ARISING FROM REPRESENTATION. ................................................................................................ 7

II.    PLAINTIFF'S CLAIM IS TIMELY PURSUANT TO THE ILLINOIS TWO (2) YEAR STATUTE OF LIMITATIONS FOR LEGAL MALPRACTICE ACTIONS. ............................... 9

III.    PLAINTIFF'S CLAIMS ARE NOT TIME-BARRED BY NEW YORK'S THREE (3) YEAR STATUTE OF LIMITATIONS BECAUSE THE DATE OF ACTIONABLE INJURY OCCURRED ON MARCH 29, 2010 AND PLAINTIFF FILED A TIMELY COMPLAINT ON JUNE 22, 2012. ...................................................................................................... 12

IV.    DEFENDANTS SHOULD BE EQUITABLY ESTOPPED FROM ASSERTING THE STATUTE OF LIMITATIONS DEFENSE. ................................................................... 15

V.    DEFENDANTS' ARGUMENT FOR THE LACK OF PROXIMATE CAUSE IS INAPPROPRIATE FOR A MOTION TO DISMISS AND SHOULD BE STRICKEN. ......... 16

VI.    PLAINTIFF'S CLAIMS ARE NOT UNDULY SPECULATIVE. ................................... 19

VII.    DEFENDANTS EXERCISED GROSS OR WANTON NEGLIGENCE IN THEIR ACTIONS. ......................................................................................................... 21

VIII.    ALTERNATIVELY, IN THE INTEREST OF JUSTICE THIS MATTER SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF ILLINOIS. ............................... 23

CONCLUSION ........................................................................................................... 23

## TABLE OF AUTHORITIES

**Cases**

*Barbara King Family Trust v. Voluto Ventures LLC*, 46 A.D.3d 423 (1st Dep't 2007) ..........................20

*Becker v. Julien, Blitz & Schlesinger*, 66 A.D.2d 674 (1st Dep't 1978) ....................................................20

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479, 105 S. Ct. 2174, 2185, 85 L. Ed. 2d 528 (1985) ....8

*C.A. Inc. v. Rocket Software, Inc.*, 579 F. Supp. 2d 355, 363 (E.D.N.Y. 2008).......................................16

*Clark St. Wine & Spirits v. Emporos Sys. Corp.*, 754 F. Supp. 2d 474, 481 (E.D.N.Y. 2010)...............22

*Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386, 393 (2d Cir. 2001) ...................................................7

*Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370 (S.D.N.Y. 2006)……..…………..23

*Frederick v. Meighan*, 905 N.Y.S.2d 635, 639 (2010) ...............................................................................13

*General Stencils v. Chiappa*, 18 N.Y.2d 125, 128, 272 N.Y.S.2d 337, 219 N.E.2d 169……..………….15

*Gentile v. Garden City Alarm Co.*, 147 A.D.2d 124, 130 (2nd Dep't 1989)……………..……………….22

*Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999)……………………………………….....5

*Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd.*, 230 F.3d 549

    (2d Cir.2000)……………………………………………………………………………………….7

*Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll.*, 128 F.3d 59, 62 (2d Cir. 1997)…………..6

*In re September 11 Prop. Damage & Bus. Loss Litig.*, 468 F. Supp. 2d 508, 525 (S.D.N.Y. 2006) ........17

*Int'l Minerals & Res., S.A. v. Pappas*, 96 F.3d 586, 592 (2d Cir. 1996) ...................................................7

*Int'l Shoe Co. v. State of Wash.*,326 U.S. 310, 320 (1945) ........................................................................8

*Katz v. Herzfeld & Rubin, P.C.*, 48 A.D.3d 640, 641 (2nd Dep't 2008) ...................................................18

*Learning Curve International v. Seyfarth Shaw LLP*, 392 Ill.App.3d 1068 (1st Dist. 2009)...................10

*Lucey v. Law Offices of Pretzel & Stouffer, Chartered*, 301 Ill. App. 3d 349, 356, (1st Dist. 1998) ..........9

*Mayol v. Summers*, 223 Ill.App.3d 794 (4th Dist. 1992).........................................................................21

3

*McCoy v. Feinman*, 99 N.Y.2d 295, 301 (2002).......................................................................12

*McPhee v. Gen. Elec. Int'l, Inc.*, 736 F. Supp. 2d 676, 680 (S.D.N.Y. 2010) ............................7

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ..........................................................................5

*Pellegrino v. File*, 291 A.D.2d 60 (1st Dep't 2002) ..................................................................20

*Rubens v. Mason*, 527 F.3d 252, 255 (2d Cir. 2008) ................................................................12

*Seippel v. Jenkens & Gilchrist, P.C.*, 341 F.Supp. 2d 363, 386 (S.D.N.Y 2004)..........................8

*Simcuski v. Saeli*, 44 N.Y.2d 442, 449, 406 N.Y.S.2d 259 (1978)..............................................16

*Sorenson v. Law Offices of Theodore Poehlmann*, 327 Ill.App.3d 706, 708 (2nd Dist. 2002) ..................10

*Travelers Indem. Co. of Conn. v. Losco Group, Inc.*, 136 F. Supp. 2d 253, 255 (S.D.N.Y. 2001) ..........22

*Warnock v. Karm Winand & Patterson*, 376 Ill. App. 3d 364, 368 (1st Dist. 2007)................................10

*Weil, Gotshal & Manges, LLP v. Fashion Boutique of Short Hills, Inc.*, 780 N.Y.S.2d 593, 596 (1st Dep't 2004)......................................................................................................13

*Wexler v. Shea & Gould*, 211 A.D.2d 450 (1st Dep't. 1995).....................................................19

**Statutes**

28 U.S.C.A. § 1404(a)................................................................................................................19

CPLR § 214 ................................................................................................................................11

## INTRODUCTION

This is a legal malpractice matter arising from the Defendant's negligent representation of Plaintiff in a wrongful death recovery action. Plaintiff's Complaint should be allowed to stand because (1) it is timely filed and (2) pleads sufficient facts to establish all elements for a cause of action of legal malpractice. Defendants' claim that the New York statute of limitations has expired is untrue. The date of the "actionable injury" is the date the underlying Court dismissed the Complaint – March 29, 2010. Plaintiff filed this Complaint on June 22, 2012 – well within the allowable three (3) year period. Additionally, Illinois law should apply due to the language in the retainer agreement entered into by Plaintiff and Defendant at the time of representation. Under Illinois law, Plaintiff's claim is also timely under the Illinois Statute of Limitations. This Court should allow Plaintiff's Amended Complaint to stand as it is pled and deny Defendant's Motion to Dismiss.

## STANDARD

Any Rule 12(b)(6) movant for dismissal faces a difficult (though not insurmountable) hurdle. *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999). On a motion to dismiss under Rule 12(b)(6), the court must accept as true the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff. The district court should grant such a motion only if, after viewing plaintiff's allegations in this favorable light, it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* Furthermore, Rule 12(b)(6) does not countenance dismissals based on a judge's disbelief of a complaint's factual allegation. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). On the contrary,

5

dismissal is appropriate only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Id. at 327.* Lastly, a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely." *Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll.*, 128 F.3d 59, 62 (2d Cir. 1997).

## NATURE OF THE CASE

This is a legal malpractice case arising from an underlying case related to the EgyptAir Flight 990 crash on October 31, 1999. The Defendants sought out individuals related to this action for representation and retained nearly twenty (20) families throughout Egypt who had relatives on board EgyptAir Flight 990. Among these families and individuals retained was the Plaintiff, Moataz Mohamed, son to individuals who perished in the EgyptAir accident. Defendants agreed to represent Mr. Mohamed to prosecute a wrongful death action against those responsible for the crash of EgyptAir Flight 990 in 1999 (referred to as the "underlying case") and the subsequent death of his parents. Additionally, the Defendants agreed to attempt to vacate a prior agreement entered into by Plaintiff with EgyptAir as EgyptAir failed to inform the Plaintiff that the agreement entered into was in fact a release of liability. Defendants ultimately failed to perform either of these promised actions. Defendants filed a lawsuit in the Eastern District of New York in 2000, entitled *In Re Air Crash Off the Cost of Nantucket Island, Massachusetts on October 31, 1999,* Case No:  00-MD-1344 (FB) (KAM) ("Federal Lawsuit"). Although the Defendants filed the Federal Lawsuit, they failed to ensure that Plaintiff was appointed as the Personal Representative for the Estate of Aly Rashad Aly Mohamed and the

6

Estate of Baria Zaki Mohamed at the time the Federal Lawsuit was filed. On March 29, 2010, the Honorable Judge Cogan of the United States District Court for the Eastern District of New York entered an Order in the Federal Lawsuit dismissing Plaintiff's claims on the basis that Plaintiff lacked capacity to sue as he had not been officially appointed by a court as Special Representative of the Personal Representative for the Estate of Aly Rashad Aly Mohamed and the Estate of Baria Zaki Mohamed.  In the dismissal Order, Judge Cogan stated "plaintiff is responsible for his attorney's negligent conduct…"(See March 29, 2010 Dismissal Order, annexed to the affirmation of Amir R. Tahmassebi as **Exhibit A**). As a result, Plaintiff lost the opportunity to recover appropriate damages resulting from his parents' death and was forced to settle the underlying case for an inadequate sum.

## ARGUMENT

I.    **THE CHOICE OF LAW PROVISION IN THE RETAINER AGREEMENT DICTATES THAT ILLINOIS LAW SHALL APPLY TO ALL MATTERS ARISING FROM REPRESENTATION.**

A federal trial court sitting in diversity jurisdiction must apply the law of the forum state to determine the choice-of-law. *Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386, 393 (2d Cir. 2001). Additionally, New York law is clear in cases involving a contract with an express choice-of-law provision: Absent fraud or a violation of public policy, a court is to apply the law selected in the contract as long as the state selected has sufficient contacts with the transaction. *Id.* at 393, *citing Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd.*, 230 F.3d 549 (2d Cir.2000) at 556.  This is reiterated in  *Int'l Minerals & Res., S.A. v. Pappas*, 96 F.3d 586, 592 (2d Cir. 1996). *See also*, *McPhee v. Gen. Elec. Int'l, Inc.*, 736 F. Supp. 2d 676, 680 (S.D.N.Y. 2010).

Furthermore, to resolve choice of law issues in tort cases, New York applies an "interest analysis" to identify the state that has the greatest interest in the litigation. When a choice of law issue relates to laws regulating conduct, such as fraud, the locus of the tort determines the applicable law. *Seippel v. Jenkens & Gilchrist, P.C.*, 341 F. Supp. 2d 363, 377 (S.D.N.Y. 2004).

Additionally, as established in the historical Supreme Court case, *Int'l Shoe Co. v. State of Wash,*326 U.S. 310, 320, (1945), sufficient contacts can be measured by volume of interstate business, in the course of which an individual receives the benefits and protection of the laws of the state, including the right to resort to the courts for the enforcement of its rights. In *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479, 105 S. Ct. 2174, 2185, 85 L. Ed. 2d 528 (1985), the Court cited factors to consider such as the prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing that must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum.

Here, Article 9 of the retainer agreement entered into by Plaintiff and Defendants states (as translated from Arabic):

> "This Agreement, Retainer and Power of Attorney and the rights and obligations of the Client and Law firm are subject to the laws of the State of Illinois, as long as it did not contradict the provisions of this agreement." (See translated Retainer Agreement with notarized certification, annexed to the affirmation of Amir R. Tahmassebi as **Exhibit C**).

It is clear that the choice of law clause in this agreement stipulates that Illinois law shall apply to situations such as this where Defendants' representation of the Plaintiff was improper

or otherwise negligent. Tellingly, Defendants have a copy of the retainer agreement entered into by both parties, but fail to cite to it. (A true and correct copy of the Retainer Agreement is annexed to the affirmation of Amir R. Tahmassebi as **Exhibit B**.) It is clear that the agreement selects the governing law to be that of the state of Illinois. Additionally, Defendants have had sufficient contacts with Illinois in that they have (1) operated their law firm and/or business in Illinois as witnessed by their signature on the retainer agreement admitting to being located in Illinois, thus availing themselves to the protection of the laws of Illinois pursuant to *International Shoe*, and (2) met with Plaintiff to discuss his case and other matters in the state of Illinois. It is undisputed that the majority of the meetings with Plaintiff occurred at the Chicago office of the Defendants. (See Affidavit of Moataz Mohamed at Paragraph 4). It is clear that the development of facts relevant to the case and development of the case itself occurred in Illinois. This meets the sufficient contacts rule and thus Illinois law should apply to the issues in this case.

## II.   PLAINTIFF'S CLAIM IS TIMELY PURSUANT TO THE ILLINOIS TWO (2) YEAR STATUTE OF LIMITATIONS FOR LEGAL MALPRACTICE ACTIONS.

In Illinois, the statute of limitations for legal malpractice expires two years "from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought." 735 ILCS 5/13–214.3(b). Illinois courts have essentially recognized that a cause of action for legal malpractice will rarely accrue prior to the entry of an adverse judgment, settlement, or dismissal of the underlying action in which plaintiff has become entangled due to the purportedly negligent advice of his attorney. *Lucey v. Law Offices of Pretzel & Stouffer, Chartered*, 301 Ill. App. 3d 349, 356 (1st Dist. 1998). Additionally, the statute of

limitations incorporates the "discovery rule," which serves to toll the limitations period to the time when a person knows or should reasonably know of his or her injury. *Sorenson v. Law Offices of Theodore Poehlmann*, 327 Ill.App.3d 706, 708 (2nd Dist. 2002). This discovery does not take effect until an adverse judgment is entered. *Warnock v. Karm Winand & Patterson*, 376 Ill. App. 3d 364, 368, (1st Dist. 2007). In *Warnock*, defendant attorneys represented the plaintiff in a real estate transaction. As a result of defendant's negligent actions, the party in the underlying real estate transaction sued the plaintiff to recover a sum of money. Plaintiff hired a new law firm to defend them in the action. Plaintiff lost the case, with the court's reasoning being that plaintiff's original lawyers (the defendant attorneys) did not properly draft certain letters preserving the plaintiff's rights. After losing the case, plaintiff sued the defendant attorneys for legal malpractice in the real estate transaction.  Defendant attorneys moved for summary judgment, arguing that the statute of limitations began to run when plaintiff hired the new attorneys to defend the action by the other party. The Court ultimately ruled that until an adverse judgment was entered against the plaintiff, his damages were speculative and he could not possibly know if the damages he incurred were attributable to the defendant law firm's advice. The facts of *Warnock* are nearly identical to those here, in that Moataz Mohamed could not have known if he incurred any damages from Nolan's negligent representation until his case was dismissed by the Court.

Another apposite case is *Learning Curve International v. Seyfarth Shaw LLP*, 392 Ill.App.3d 1068 (1st Dist. 2009). In that case, plaintiff was presented an offer to settle for three hundred and fifty thousand dollars ($350,000) in a trade secrets matter and the defendant attorneys advised

them against settling. The case ended with a jury verdict which resulted in over six million dollars ($6,000,000) in costs to the plaintiff. As a result, plaintiff sued defendant attorneys for advising against settlement and failing to inform them of the financial risks of not settling. The Court, citing the reasoning in *Warnock*, stated that plaintiff's cause of action did not begin to accrue until the date the adverse judgment was entered against it.

Much like the Plaintiffs in *Warnock*, *Lucey*, and *Learning Curve*, Plaintiff here suffered no actionable injury when Defendant failed to appoint him as the special administrator of the Estate of Mohamed. There would be no actionable injury for which he could recover until March 29, 2010, when Judge Cogan dismissed Plaintiff's claims due to the fact that no special administrator was ever appointed. Under the black letter law of Illinois, this marks the date from which the two (2) year statute of limitations begins to run. Additionally tolling agreements entered into between the parties hereto allows the Plaintiff additional time in which to file within the period allowed by the statute of limitations. To wit, on January 26, 2012, a tolling agreement was entered into by the Plaintiff and Defendants which tolled the statute of limitations until March 19, 2012. (See tolling agreement annexed to the affirmation of Joseph L. Francoeur, Esq. as **Exhibit B**.) On March 19, 2012, a second tolling agreement was entered into which continued to toll the statute of limitations until May 1, 2012. (See tolling agreement annexed to the affirmation of Joseph L. Francoeur, Esq. as **Exhibit C**.)  In total, the running of the statute of limitations was tolled during period from January 26, 2012 to May 1, 2012. This period accounted for a ninety six (96) day pause in the calculation of the statute of limitations – effectively extending the deadline to file from March 29, 2012 (two (2) years after the dismissal

on March 29, 2010) to <u>July 3, 2012</u> (ninety six (96) days after the March 29, 2012 deadline). Plaintiff filed this claim on <u>June 22, 2012</u>. This claim was filed within the statute of limitations period.

> **III.    PLAINTIFF'S CLAIMS ARE NOT TIME-BARRED BY NEW YORK'S THREE (3) YEAR STATUTE OF LIMITATIONS BECAUSE THE DATE OF ACTIONABLE INJURY OCCURRED ON MARCH 29, 2010 AND PLAINTIFF FILED A TIMELY COMPLAINT ON JUNE 22, 2012.**

Plaintiff's claim is timely under New York's three (3) year statute of limitations. In New York, CPLR § 214 states that a Plaintiff must commence an action for legal malpractice within three (3) years to recover damages for malpractice. Defendants assert that "in New York, an action to recover damages for legal malpractice must be commenced within 3 years of the alleged act of malpractice" citing *McCoy v. Feinman*, 99 N.Y.2d 295, 301 (2002). However, Defendants fail to state that the Court in *McCoy* goes on to cite, "In most cases, this accrual time is measured from the day an actionable injury occurs." *McCoy v. Feinman*, 99 N.Y.2d 295, 301, (2002). Defendants further allege that the last date an actionable injury occurred would be, at the latest, the last date of representation by Defendants. This is untrue.

On the last day of representation by the Defendants, Plaintiffs did not yet have an ***actionable injury***. Indeed, Defendants fail to identify any actionable injury that Plaintiff sustained as a result of their withdrawal. In other words, what, if anything, could Plaintiff have sued them for at the time of withdrawal? It is well settled that in order to prevail in a legal malpractice lawsuit, "the client must meet a 'case within a case' requirement," and must demonstrate that a "reasonable fact-finder in the underlying suit would have arrived at a different result but for the attorney's negligence." *Rubens v. Mason*, 527 F.3d 252, 255 (2d Cir.

2008) *citing Weil, Gotshal & Manges, LLP v. Fashion Boutique of Short Hills, Inc.*, 780 N.Y.S.2d 593, 596 (1st Dep't 2004). Here, there was no possible way for the Plaintiff to meet this "case within a case" requirement at the time of Defendants' withdrawal, or at any time before dismissal of the underlying case. Defendants' failure to appoint a special administrator simply did not give rise to an immediate legal malpractice action, and any such claim would have been woefully premature.

This concept is stated in *Frederick v. Meighan*, 905 N.Y.S.2d 635, 639 (2nd Dept., 2010) when the Court ruled that a plaintiff did not sustain an "actionable injury" until the Court in the underlying matter issued final judgment and awarded the buyers specific performance in the underlying action. The facts of *Frederick* are similar to the case at hand. In 1999, the plaintiff, Frederick, retained the Meighan defendants to represent him in a real estate transaction. Contractual issues arose which resulted in the buyers involved in the transaction to commence an action, *inter alia*, for specific performance of the contract of sale against the plaintiff. Ultimately, the Court awarded specific performance in favor of the buyers. Frederick then filed a legal malpractice claim against Meighan. In the legal malpractice case against Meighan, the defendants argued that the statute of limitations should run from the time they sent the contracts to the underlying plaintiff (the negligent act in question) rather than from the date the order compelling specific performance was entered. The Court rejected this statute of limitations defenses and ruled that **the date of actionable injury could only have occurred when the Court granted specific performance in the underlying matter**. (Emphasis added). The explanation offered by the Court was that in order for an injury to be "actionable," and for

13

a plaintiff to prevail in an action to recover damages for legal malpractice, a plaintiff must establish that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages. These actual and ascertainable damages could not have possibly been determined prior to the final ruling granting specific performance.

Here, the date of actionable injury could only have occurred when the Court dismissed Plaintiff's case on March 29, 2010. Prior to the dismissal of the case, there would have been no way for Plaintiff to determine whether or not Defendants' actions had proximately caused him any actual or ascertainable damages. In fact, it was only after the issuance of the March 29, 2010 dismissal order (in which the Court cites to Plaintiff's failure to prosecute the case as a reason for dismissing the case) did the Plaintiff know that the cause of his injury and damages were a result of the Defendants' failure to exercise "ordinary reasonable skill and knowledge." Defendants' current argument parallels to the losing defendants' argument in the facts of *Meighan*, namely that the date of the legal malpractice is the date the actual negligent action took place rather than the date of dismissal or final judgment. This is mistaken and improper. Well settled case law such as *McCoy* and *Meighan* support the contention that a plaintiff's injury does not become actionable until some kind of final judgment or order is given regarding the underlying matter.

Additionally, the fact that the actionable date of injury coincides with the date of discovery should not bar Plaintiff's claim. Much like the Court in *Meighan*, the Court in *McCoy*

stated that the plaintiff in that case had a complete cause of action only when injuries were "sufficiently calculable to permit plaintiff to obtain prompt judicial redress of that injury." *Id.* at 305. Assuming, *arguendo,* that Plaintiff could bring suit against his own attorneys at the time they withdrew, no damages existed due to the fact that the case was still pending and not yet dismissed. Plaintiff had yet to suffer an actionable injury or damages which were sufficiently calculable. In this case, Plaintiff's injury only became sufficiently calculable when the Court dismissed Plaintiff's case on March 29, 2010. When this event occurred, Plaintiff realized actionable injuries in the form of a loss of any possible recovery for the wrongful death of Aly Rashad Aly Mohamed and Baria Zaki Mohamed. Plaintiff further knew of the cause of his injury, namely the failure of the Defendants to properly prosecute the case, only after receiving the dismissal order. This marks the date that the Plaintiff had a complete cause of action and the date from which the three (3) year statute of limitations should begin to run. Plaintiff filed this case against Defendants for their negligent actions on June 22, 2012 – within the three (3) year statute of limitations period beginning from March 29, 2010.

### IV.    DEFENDANTS SHOULD BE EQUITABLY ESTOPPED FROM ASSERTING THE STATUTE OF LIMITATIONS DEFENSE.

The doctrine of equitable estoppel applies where it would be unjust to allow a defendant to assert a statute of limitations defense. Courts in New York have stated, "Our courts have long had the power, both at law and equity, to bar the assertion of the affirmative defense of the Statute of Limitations where it is the defendant's affirmative wrongdoing ... which produced the long delay between the accrual of the cause of action and the institution of the legal

proceeding." *General Stencils v. Chiappa,* 18 N.Y.2d 125, 128, 272 N.Y.S.2d 337, 219 N.E.2d 169 (1966).

Here, when Defendant did not appoint Plaintiff as the special administrator of the Mohamed Estate (later proving to be a fatal error and grounds for dismissal), Defendant did not disclose this error to Plaintiff. As such, Plaintiff could not have possibly known of the negligent acts of the Defendant due to their concealment and negligence. The Courts of New York have held that equitable estoppel will apply "where plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action" *Simcuski v. Saeli,* 44 N.Y.2d 442, 449, 406 N.Y.S.2d 259 (1978). Additionally, a plaintiff must demonstrate some kind of reasonable reliance on the defendant's misrepresentations. *C.A. Inc. v. Rocket Software, Inc.,* 579 F. Supp. 2d 355, 363 (E.D.N.Y. 2008). In C.A. Inc., plaintiff filed an action for violations of the Copyright Act, and in response, defendants filed a motion to dismiss due to the claim being barred by the statute of limitations. However, the Court ultimately ruled that defendant was equitably estopped from asserting the affirmative defense regarding the statute of limitations because (1) it had made false statements to the plaintiff, going as far as assuring plaintiff that its suspicions were baseless and (2) plaintiff relied upon such assertions and did not conduct its own independent investigation. The Court stated, "The plaintiffs should not be punished for reasonably relying on the defendant's affirmative representations of independent development and its detailed, emphatic denials of copying"

The facts here are similar to those in *C.A. Inc. v. Rocket Software Inc.* As pled in the Complaint, despite assuring Plaintiff that he would perform the necessary steps to prosecute

16

the case, Nolan did not in fact appoint any special administrator to the Estate. Then, after knowingly failing to properly appoint Plaintiff as special administrator of the Estate of Mohamed, Defendant continued to represent Plaintiff in Court, and once again assured Defendant that the case was proceeding as planned and that there were no problems – despite Defendant's inquiries into such matters. (See Affidavit of Mohammed Moataz). Plaintiff then relied upon these statements and did not investigate into any issues arising from the proceedings in which Defendants claimed were under control. Plaintiff would not be in his current position if it were not for Defendant's concealment of the fact that his failure to appoint Plaintiff as special administrator would be fatal to his claim. Since Defendant actively concealed his negligent action from the Plaintiff, he should be equitably estopped from asserting any statute of limitations defense pursuant to *C.A. Inc. v. Rocket Software Inc.*

## V.    DEFENDANTS' ARGUMENT FOR THE LACK OF PROXIMATE CAUSE IS INAPPROPRIATE FOR A MOTION TO DISMISS AND SHOULD BE STRICKEN.

Defendants allege that the Plaintiff's underlying case was dismissed because of Plaintiff's alleged failure to prosecute its claims rather than the fault of the Defendants' negligent acts and omissions. Defendants wrongfully conclude that the chain of proximate cause is broken.

First, disputing whether or not the injuries suffered by Plaintiff were proximately caused by Defendants is improper for a motion to dismiss. New York Courts have stated that "a motion to dismiss is not the proper procedure to test the legal sufficiency of plaintiffs' allegation of duty and proximate cause." *In re September 11 Prop. Damage & Bus. Loss Litig.*, 468 F. Supp. 2d 508, 525

(S.D.N.Y. 2006). This Court continues to state, "While it is well established that intervening acts of an "extraordinary nature" may so attenuate a defendant's negligence from the injury sustained by the plaintiff as to preclude a finding of proximate cause….. the issues of proximate, foreseeable, intervening and independent causes are fact-laden, requiring a fully developed factual record, and not the bare-bones motion to dismiss" *Id.*

Here, Defendants do not argue against the sufficiency of the Complaint as it is pled with respect to proximate cause, but rather makes the plain and simple argument that Defendants did not proximately cause the injuries suffered by Plaintiff. Pursuant *to In re Sept. 11* this attack on the pleading is inappropriate for a motion to dismiss and the argument should be stricken. Plaintiff should be allowed an opportunity to present evidence so as to establish proximate cause. As such, Plaintiff's Complaint should be allowed to stand.

Second, the case law Defendant cites in support of his argument is not parallel to the facts at hand. In all the cases to which the Defendant cites, the courts dismissed various attorney-defendants because subsequent counsel could have taken action on behalf of the plaintiffs to possibly rectify the issues created by the prior attorneys. These facts are wholly inapposite to this case – it is specifically Plaintiff's allegation here that subsequent counsel could not continue to prosecute his case because of Defendant's negligent acts. Subsequent counsel did not have the opportunity to investigate, pursue, or file anything which would have ameliorated the problems directly caused by the Defendant, Nolan. In fact, in Defendant's own cited case, *Katz v. Herzfeld & Rubin, P.C.*, 48 A.D.3d 640, 641 (2nd Dep't 2008) the Court only ruled that the primary defendant attorney could be dismissed because "the subsequent counsel had a

sufficient opportunity to protect the plaintiffs' rights by pursuing any remedies it deemed appropriate on their behalf." Here, subsequent counsel did not have such an opportunity because the case was effectively ended by the Defendant's negligent acts of not appointing Plaintiff as a special administrator, and not through any other reason. It is apparent from the pleadings that the proximate cause of the finality of Plaintiff's underlying cause of action was the negligence of the Defendant attorneys. As such, Defendant's Motion to Dismiss due to lack of proximate cause should be denied.

## VI.   PLAINTIFF'S CLAIMS ARE NOT UNDULY SPECULATIVE.

Due to Defendant's actions, Plaintiff lost all possible action against Boeing and EgyptAir and was forced to settle for an amount less than they would have received had the case reached a trial. The Court which dismissed the underlying matter specifically addresses, as a reason for dismissal, the negligent actions of the Defendants.

Defendant cites *Wexler v. Shea & Gould*, 211 A.D.2d 450 (1st Dep't. 1995) in support of his contention that the claim should be dismissed for alleging facts that are unduly speculative. However, *Wexler* involved a Court granting a motion for summary judgment regarding the claims, not a motion to dismiss. In fact, the Court in *Wexler* states, "as there is insufficient evidence" and "plaintiff submits no more than mere speculation as to what might have occurred had defendants conducted themselves differently" as grounds for affirming the granting of summary judgment. Here, there is an important distinction from *Wexler* - Plaintiffs have not even had the opportunity to present any evidence to support their claim. A claim grounded in 'unduly speculative' claims can be presented in the form of a motion for summary

judgment after sufficient opportunity is given for Plaintiff to present evidence, not at the beginning stages of the pleadings. As such, a motion to dismiss is improper for dismissing claims for being unduly speculative.

Defendant additionally cites to *Pellegrino v. File*, 291 A.D.2d 60 (1st Dep't 2002) which again is inapposite to this case. The plaintiff in *Pellegrino* did not have her case tried and it was dismissed for failure to participate in discovery among other omissions at the beginning stages of litigation. Since so little was done in her case, it became apparent that damages resulting from the first attorney's conduct would be merely "speculative." Here, Defendant actively represented the Plaintiff and progressed his case for many years. Damages regarding the resolution of the case are not speculative as they were in *Pellegrino*.

Defendant also cites to *Becker v. Julien, Blitz & Schlesinger*, 66 A.D.2d 674 (1st Dep't 1978) but again, this does not support his contention. Much like *Wexler*, this case also was in regard to a motion for summary judgment, not a motion to dismiss. Additionally, the issue in *Becker* was unlike this case in that there were not many similar, parallel cases in which settlement amounts were known. Here, there is factual evidence that individuals in the same position as Plaintiff and whom share the same facts (relatives dying in the Egypt Air 990 crash) settled with either EgyptAir or Boeing for amounts over one million dollars ($1,000,000). Damages here are not speculative, but may be supported by evidence and fact.

Defendant's citation to *Barbara King Family Trust v. Voluto Ventures LLC*, 46 A.D.3d 423 (1st Dep't 2007) fails much like the previous cases in that the Court was ruling on a motion for summary judgment, not a motion to dismiss. Additionally, the plaintiff in *Barbara King* related

to investments in real estate, a subject in which damages were deemed to be truly speculative and completely unlike this case where damages are grounded in the form of recovery for the death of the Plaintiff's parents.

Here, Plaintiff should be allowed to present their case as it is currently pled. Defendant does not dispute the sufficiency of the complaint on its face pursuant to any Rule 12(b)(6) grounds, but rather attempts to make legal conclusions as to damages. This is inappropriate and should not be allowed. Without the chance to produce evidence and conduct discovery, Plaintiff would be prejudiced as it relates to his ability to prove damages and disprove 'speculation'. Substantively, the Appellate Court of Illinois has ruled in *Mayol v. Summers*, 223 Ill.App.3d 794 (4th Dist. 1992) that a plaintiff may recover damages in an amount equal to what he would have received had the case gone to trial properly without the negligent actions of plaintiff's attorneys. Specifically in *Mayol*, the Court allowed a jury verdict of $700,000 to stand in a legal malpractice action stemming from a botched underlying case involving a man's injured back for which he received no compensation due to his attorneys' negligent acts in the underlying case.

It is apparent that in the present case, damages are not speculative. The parents of Plaintiffs perished in the crash of Egypt Air flight 990. Plaintiff entered into a settlement agreement with EgyptAir without the advice of counsel. This settlement agreement could and should have been vacated as promised by Defendants. In fact, Plaintiff was indeed promised by Defendants that the case against EgyptAir could be vacated and a new action brought to recover their rightful damages. The matter here is not as Defendants allege, namely that Plaintiff could receive a 'better' settlement, but rather that they were denied their right to a just

21

and equitable recovery. Additionally, actual damages can be plainly seen in the monetary recoveries of individuals sharing similar backgrounds as Plaintiff who had competent representation. Plaintiff relied on the promises of the Defendants and allowed Defendants to represent them which ultimately and directly resulted in the permanent loss of their claim and any chance at their deserved, rightful, and just recovery. As such, Plaintiff's Complaint should be allowed to stand.

## VII.    DEFENDANTS EXERCISED GROSS OR WANTON NEGLIGENCE IN THEIR ACTIONS.

The standard of review on a motion to dismiss is heavily weighted in favor of the plaintiff. The Court is required to read a complaint generously, drawing all reasonable inferences from the complaint's allegations. *Travelers Indem. Co. of Conn. v. Losco Group, Inc.*, 136 F. Supp. 2d 253, 255 (S.D.N.Y. 2001). Additionally, the issue of gross negligence is ordinarily a question of fact for a jury to determine. *Clark St. Wine & Spirits v. Emporos Sys. Corp.*, 754 F. Supp. 2d 474, 481 (E.D.N.Y. 2010); *See also, Gentile v. Garden City Alarm Co.*, 147 A.D.2d 124, 130 (2nd Dep't 1989). As such, a motion to dismiss is an improper venue to draw legal conclusions from pleadings and assert vague challenges based on the same.

Here, Defendant merely claims that the Plaintiff's counts allege simple negligence but tellingly fails to address what in particular is lacking from Plaintiff's pleading. Instead, Defendant makes the legal conclusion that these claims in the Plaintiff's complaint amount to only simple negligence – something that the Court or Jury should decide, not Defendant. The determination of "reckless" or "deliberate" conduct exists as the complaint is currently pled. As such, Plaintiff's Complaint should be allowed to stand.

## VIII.    ALTERNATIVELY, IN THE INTEREST OF JUSTICE THIS MATTER SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF ILLINOIS.

If this Court concludes that the matter is better suited for Illinois or that Illinois law should be applied to the substantive issues, then Plaintiff respectfully requests this Court to transfer this matter to the United States District Court in the Northern District of Illinois. Transfer is subject to the discretion of the court and is determined upon notions of convenience and fairness on case-by-case basis. 28 U.S.C.A. § 1404(a). See, *Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370 (S.D.N.Y. 2006).

Here, there can be no dispute that this case was capable of being brought in either New York or Illinois, or in any event, is subject to Illinois law. Plaintiff should be allowed to bring his case before the Illinois Court which may better apply the laws involved in this matter. Therefore, this Court should deny Defendants' Motion to Dismiss, and transfer the matter to the United States District Court in the Northern District of Illinois for further proceedings in accordance with Illinois substantive and procedural law.

## CONCLUSION

Defendant's Motion to Dismiss fails on various grounds. First and foremost, the applicable law in analyzing this case is defined in the retainer agreement. This definition is clear: the law of Illinois shall apply. Second, applying Illinois law (or even New York law), Plaintiff timely filed this action – well within the two (2) year statute of limitations from date of discovery as provided by Illinois law and the three (3) year statute of limitations from date of actionable injury provided by New York law. The "actionable injury" occurred when the Court

dismissed the underlying matter, not when the attorneys ceased representation. Third, Defendant's arguments regarding proximate cause fail because it is improper to argue such a legal conclusion in a motion to dismiss pursuant to Rule 12(b)(6). All of these reasons should allow Plaintiff's complaint to stand as it is currently pled. As such, this Court should deny Plaintiff's Motion to Dismiss, or alternatively transfer this case to the United States District Court in Northern District of Illinois.

Dated:  New York, New York
             December 13, 2012

                                                    Respectfully submitted,

                                                    WASSER & RUSS, LLP

                                                    By:_/s/_____
                                                    Adam H. Russ (EDNY # AR2590)
                                                    Isaac Alony (EDNY# IA7461)
                                                    80 Maiden Lane, Suite 1502
                                                    New York, NY 10038
                                                    Tel: (212) 430-6040
                                                    Fax: (212) 430-6041
                                                    *Attorneys for Plaintiff*

OF COUNSEL:
KONICEK & DILLON, P.C.
Daniel F. Konicek
Amir R. Tahmassebi
Lucas Sun
Firm No. 37199
21 W. State St.
Geneva, IL  60134
630.262.9655

24