# EXHIBIT C


TRANSPERFECT

City of New York, State of New York, County of New York

I, Kayoko Imori, hereby certify that the document "SCN_ Nolan Docs" is, to the best of my knowledge and belief, a true and accurate translation from Arabic into English.

_____
Kayoko Imori

Sworn to before me this
Monday, November 05, 2012

_____
Signature, Notary Public

RYAN ALEXANDER DROST
Notary Public–State of New York
No. 01DR6262048
Qualified in NEW YORK County
My Commission Expires MAY 21, 2016

_____
Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS

THREE PARK AVENUE, 39TH FLOOR, NEW YORK, NY 10016 I T 212.689.5555 I F 212.689.1059 I WWW.TRANSPERFECT.COM
OFFICES IN 75 CITIES WORLDWIDE

## ADDENDUM TO ATTORNEY-CLIENT AGREEMENT



Moataz Ali Mohamed, Ghada Ali Mohamed and Dhalia Ali Mohamed (hereinafter "clients"), as an addendum to, and constituting a part of the attorney-client agreement between clients and Nolan Law Group, hereby agree, for lawful consideration, that any and all payments made to clients by or on behalf of EgyptAir, Inc., The Boeing Company or any other party responsible for the air crash of EgyptAir Flight 990 and arising from the crash of said flight and the resulting deaths of Ali Rashad Ali Mohamed Saad and Baria Zaki Mohamed Ahmed, whether made by way of judgment, settlement or otherwise, and whether paid in the United States, Egypt or any other jurisdiction, shall be distributed pursuant to Islamic Inheritance Laws so that Moataz Ali Mohamed, as the son of said decedents, shall receive fifty percent (50%) of any such payment, and Ghada Ali Mohamed and Dhalia Ali Mohamed, as the daughters of said decedents, shall receive twenty-five percent (25%) each of any such payment.

_____
Moataz Ali Mohamed

_____
Ghada Ali Mohamed

_____
Dhalia Ali Mohamed

Dated: March 5th, 2001.

**[see Page 1 for English translation]**

      **[signature]**
      **[signature]**
**Moataz Ali Mohamed**

      **[signature]**
**Ghada Ali Mohamed**

      **[signature]**
**Dhalia Ali Mohamed**

**Dated: [handwritten:]** *March 5th*, **2001**

**[see Page 1 for English translation]**

**In the name of Allah the Compassionate, and Merciful**

**Power of Attorney & Attorney-Client Agreement**

It was agreed on [handwritten:] *Tuesday, July 18*, 2000, by and among:

**First:**

    Messieurs/**Nolan Law Group** – represented by Mr. Donald J. Nolan

    Address: 20 North Clark

        Chicago, IL 60602

        United States of America

    Messieurs/**Clary Wally**

    Address: 2 Russell

        Tomba, Coppens Island [*sic*] 4350

        Australia

    Mr. Fekri Hassan Al-deeb (Attorney)

    Address: Building No. 2/4, Dr. Anwar Mufti St.

        First District – Nasr City

        Cairo – Egypt

        (**Hereinafter referred to as the first party – Agent**)

**Second:**

    [handwritten:]
*Mrs. Ghada Ali Rashad*    *Daughter*
*Mrs. Dhalia Ali Rashad*    *Daughter*

Who are the heirs of the late/ *Ali Rashad Ali Mohamed*

        *Address: Shmelieon Azarita*

        *Alexandria, Egypt*

        (**Hereinafter referred to as the second party – Principal**)

The two parties, heretofore, have agreed to the following:

**ARTICLE ONE**

    The second party (Principal) hereby appoints first party (Agent) to initiate all court actions, complaints and compensation claims for losses and damages against any party which may prove to be responsible for causing physical and psychological damages to the second party,

[handwritten:] *Fekri Al-deeb*

before any court as well as against any party related to the air crash of Egypt Air flight 990, which happened on October 31, 1999.

## ARTICLE TWO

The first party is to initiate these assigned actions and shall devote their best efforts in order to adhere to and achieve the interests of the second party. The first party shall bear all expenses incurred to fully compensate the second party without incurring any expenses to the second party.

Expenses incurred by the first party are:

1. Expenses for submitting documents, filing claims, complaints…, etc.
2. Expenses related to the initiation of cases at all court levels, types and appeals, whether from the litigant or defendant.
3. All expenses related to the defense and any other individual(s) which may be used by the first party to assist in this case, whether in the present or future.
4. All correspondence expenses including: notification letters, communications, faxes and any other related documents sent or received by the second party regarding the progress in the case.
5. All expenses related to travel and accommodations by the second party to comply with judicial requests and requirements in accordance with the second party's entitlements.
6. Travel, accommodations and transportation expenses for the second party in the United States until their return upon the completion of the subject agreement.
7. Miscellaneous expenses associated with coordinating and obtaining the necessary case documents required by the first party from the second party.

[handwritten:] *Fekri Al-deeb*

### ARTICLE THREE

The first party is hereby obligated to perform the above-mentioned tasks assigned by the second party to provide a high-quality defense for the second party's interests until the completion of the case, which may not achieve a positive result.

### ARTICLE FOUR

The first party is due fees of 30% of the value of the compensation due to the second party as compensation for providing significant efforts in this contract as well as subsequent additional expenses. The percentage to be paid to the first party is under the following conditions:

1. Settlement or ending the disputation before case initiation entitles the second party to full compensation.
2. Settlement or ending the disputation after case initiation entitles the second party to full compensation.
3. Settlement or ending the disputation after issuing a trial judgment and before appeal.
4. Settlement or ending the disputation after an appeal and before the issuing of a verdict of compensation to the second party.
5. After the appeal and final judgment.

### ARTICLE FIVE

The first party has the authority to retain the agreed percentage set forth by this contract without affecting the 70% due to the second party, until the second party agrees on the method of receiving the compensation. The first party has no right to receive the compensation ruling in favor of the second party, whether by consent or judiciary.

### ARTICLE SIX

The first party hereby undertakes not to initiate any action or make agreements in the subject case without obtaining written consent from the second party. This procedure shall not prejudice the validity of the first party in being designated the authorized agent for the second party to submit, amend or cancel complaints, applications and petitions, before any competent

[handwritten:] *Fekri Al-deeb*

authority or court, whenever it is a favorable interest to the second party in acquiring the largest possible compensation. The first party is to prepare legitimate files, through legal means, as well as pleadings, memoranda, authorizations and any other required papers, as well as the authority to represent the second party in negotiating, in some or all of the disputations related to the agreement subject.

### ARTICLE SEVEN

Given the importance of the task assigned to the first party and conformity within the agreed-upon subjects as described in the previous articles, the second party may not revoke or terminate the power of attorney to the first party without legal justification that may prove to be a serious danger and damage the interests of the second party—otherwise the second party shall bear all the expenses and costs incurred by the first party and compensate for damages.

Respectively, the first party may not waive or abandon in any way the second party's power of attorney without legal justification that may prove to be a serious danger and damage by the second party to the interests of the first party.

### ARTICLE EIGHT

The second party shall make a judicial power of attorney for the first party to commence work within this agreement which gives the authority to the first party to hire a third party in all or some of the related subjects of the contract, with the condition of not incurring any expense to the second party. The power of attorney should be written without giving permission for the receipt or cashing of the second party's disbursement.

### ARTICLE NINE

This agreement and the power of attorney's contract are hereby subject to the laws of Chicago, Illinois, as well as the rights and liabilities of the agent and principal, whereas they do not conflict with the terms aforementioned within this agreement.

[handwritten:] *Fekri Al-deeb*

## ARTICLE TEN

In case of a dispute or controversy regarding this contract or any terms contained therein, to resort to the applicable federal arbitration, in accordance with the American Arbitration Association.

The first party shall bear the expense of transportation and the accommodations of the second party, pending the completion of the arbitration process.

## ARTICLE ELEVEN

In the case the first party is unsuccessful in obtaining a favorable compensation ruling in favor of the second party, for any reason whatsoever, the first party is not permitted, in any way, to claim payment from the second party for expenses, fees or charges incurred in the case.

## ARTICLE TWELVE

This agreement and the contract between the two parties are the only agreement in force. Any other verbal agreements, contrary to whatever is set forth in this document, will be negligible.

## ARTICLE THIRTEEN

This agreement has been edited and duplicated in the Arabic language. All copies have been affixed with each party's signature. The parties heretofore have duly formalized and signed each copy.

**First Party**
**Nolan Law Group**

  **Mr. Donald J. Nolan**
[handwritten:] [*illegible*]

  **Mr. Clary Wally**

  **Mr. Fekri Hassan Al-deeb**
[handwritten:] [*illegible*]

**Second Party**

[handwritten:]
*Mrs. Ghada Ali Rashad*
*Mrs. Dhalia Ali Rashad*

# NOLAN LAW GROUP

January 5, 2001

Mr. Neil McGilchrist
BEAUMONT AND SON
Lloyds Chambers
1 Portsoken Street
London E1 8AW
ENGLAND

**NOTICE OF ATTORNEY'S LIEN**

RE: EgyptAir Flight # 990
Decedents: Ali Rashad Ali Mohamed Saad and
Baria Zaki Mohamed Ahmed
Our File Number: 00055

Dear Mr. McGilchrist:

Please be advised that Nolan Law Group has been retained by the next-of-kin of Ali Rashad Ali Mohamed Saad, deceased, and Baria Zaki Mohamed Ahmed, deceased (hereinafter "clients"), to prosecute or settle any claims for damages against parties responsible for the injuries to and death of said decedents arising from the crash of EgyptAir Flight 990 on October 31, 1999.

You are hereby notified that the clients entered into a contract with me to pay as compensation for services rendered and to be rendered in and about the prosecution of the said suit, claim, demand or cause of action an agreed-upon percentage of the sum of any amount recovered by way of settlement or otherwise.

You are further notified that I claim a lien to the extent of my interest, as above set forth in said claim, demand, cause of action and suit at law. Said lien shall attach to any verdict or judgment entered or to be entered in such suit or to any money or property which may be recovered by the clients on account of such claim, suit, demand or cause of action from and after the service of this Notice.

Please also do not communicate directly with my clients.

Very truly yours,

NOLAN LAW GROUP

Donald J. Nolan



Donald J. Nolan
Albert E. Durkin
William J. Jovan
Floyd A. Wisner
James H. Lawlor, III
Todd R. McQuiston
Laura L. Ruhl

20 North Clark Street
Thirtieth Floor
Chicago, Illinois 60602

Telephone
312.630.4000

Toll Free
888.630.9340 or 888.372.3870

Facsimile
312.630.4011

E-mail
contact@nolan-law.com

STATE OF ILLINOIS    )
                     )   SS.
COUNTY OF COOK       )



I hereby certify that the above and foregoing Notice of Attorney's Lien was served upon the addressee by placing said notice with Federal Express Overnight Delivery on January 5, 2001, with the fee for delivery fully prepaid and proof of delivery request.

_____
Paula L. Jett

Subscribed and Sworn to before me
this 5th day of January, 2001.

_____
NOTARY PUBLIC



OFFICIAL SEAL
ANDRA L ADDIS
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/25/02